UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| CHANSE T. STARR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:14-CV-00236 |
| | ) | |
| FORT WAYNE POLICE DEPARTMENT, et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

**OPINION and ORDER**

Before the Court is a motion by *pro se* Plaintiff Chanse T. Starr (Docket # 3), who is currently incarcerated, asking that the Court recruit counsel for him in this 42 U.S.C. § 1983 action alleging that Defendants violated his Fourth Amendment rights in connection with his arrest in 2011.

"There is no right to court-appointed counsel in federal civil litigation." *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014) (citing *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007)). Under 28 U.S.C. § 1915(e)(1), however, a court may request that an attorney represent an indigent litigant; the decision whether to recruit *pro bono* counsel is left to the discretion of the district court. *Olson*, 750 F.3d at 711; *Pruitt,* 503 F.3d at 658. "In deciding whether to request counsel, district courts must ask two questions: '(1) [H]as the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Olson*, 750 F.3d at 711 (alteration in original) (quoting *Pruitt,* 503 F.3d at 654).

Here, Starr's request for counsel is premature. The complaint has not yet been screened

pursuant to 28 U.S.C. § 1915A(a), and Defendants have not appeared and filed an answer. Thus, "the case [is] still in its infancy, thereby making it impossible at th[is] juncture to make any accurate determination regarding [Starr's] abilities or the outcome of the lawsuit."[1] *Romanelli v. Suliene*, 615 F.3d 847, 852 (7th Cir. 2010); *see also Mungiovi v. Chicago Housing Auth.*, No. 94 C 6663, 1994 WL 735413, at *2 (N.D. Ill. Dec. 19, 1994) ("The court's general practice is to consider appointment of counsel if and when it appears that the action has sufficient merit to require complex discovery or an evidentiary hearing.").

Therefore, Starr's request that the Court recruit counsel for him (Docket # 3) is DENIED without prejudice.

SO ORDERED.

Enter for this 16th day of December 2014.

                                               s/ Roger B. Cosbey
                                               Roger B. Cosbey,
                                               United States Magistrate Judge

---

[1] Starr attached correspondence from three attorneys who were unwilling to take his case. (Docket # 3.) Of course, this is an indication that his claims may indeed have little merit and that appointing counsel will not make a difference in the ultimate outcome. *See Jackson v. Cnty. of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992) (considering plaintiff's unsuccessful attempts to retain counsel when denying his motion to appoint counsel).