| | | |
|---|---|---|
| **CHANSE T. STARR,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 1:14 CV 236** |
| | ) | |
| **FORT WAYNE POLICE DEPT.** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>OPINION and ORDER</u>

Chanse T. Starr, a *pro se* prisoner, filed an amended complaint. (DE # 15.) He is attempting to sue nine defendants for Fourth Amendment violations which occurred in October 2011. Starr alleges that while he was hiding under a bed in a hotel room, police officers illegally entered the room to execute a warrant for his arrest. He alleges that they illegally seized him, property found in the room, his car, and property in the car.

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Although the statute of limitations is an affirmative defense, dismissal is appropriate where the complaint

makes clear that the claims are time barred. *Cancer Foundation, Inc. v. Cerberus Capital Management, LP*, 559 F.3d 671, 674 (7th Cir. 2009).

"Fourth Amendment claims for false arrest or unlawful searches accrue at the time of (or termination of) the violation." *Dominguez v. Hendley*, 545 F.3d 585, 589 (7th Cir. 2008). These claims arose in October 2011. Indiana's two-year limitations period for personal injury suits applies to Section 1983 claims. *Behavioral Inst. of Ind., LLC v. Hobart City of Common Council*, 406 F.3d 926, 929 (7th Cir. 2005). Therefore, the deadline for filing this claim expired in October 2013. However, Starr did not sign the original complaint filed in this case until July 20, 2014, (DE # 1 at 5), making this complaint untimely. Because it is frivolous and malicious to bring this suit after the statute of limitations expired, this case is **DISMISSED** pursuant to 28 U.S.C. § 1915A.

**SO ORDERED.**

Date: February 19, 2016

 s/ James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT